**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY JACKSON,
               Plaintiff,

v.                            No. 07-CV-1279
                                   (TJM/DRH)

BRIAN FISCHER, Commissioner, Department
of Correctional Services; and NEW YORK
STATE DEPARTMENT OF CORRECTIONAL
SERVICES,
               Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

ANTHONY JACKSON
Plaintiff Pro Se
02-A-6522
Elmira Correctional Facility
Post Office Box 500
Elmira, New York 14902

HON. ANDREW M. CUOMO           CHRISTINA L. ROBERTS-RYBA, ESQ.
New York State Attorney General        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Anthony Jackson ("Jackson"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, DOCS and its Commissioner, violated his

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

constitutional rights under the Fifth, Eighth, and Fourteenth Amendments.[2]  Compl. (Docket No. 1).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(g).  Docket No. 14.  Jackson did not respond to the motion.  For the following reasons, it is recommended that defendants' motion be granted in all respects.

## I.  Background[3]

Jackson proceeds in this action in forma pauperis ("IFP").  At all relevant times, Jackson was incarcerated at Upstate Correctional Facility ("Upstate").  While there, Jackson sought either to be placed in protective custody or in a single cell as an open homosexual and was enduring harassment, sexual assault, and discrimination at the hands of his cell mates.  Compl. ¶ 1. Jackson alleges that (1) on September 1, 2007, he was cut with a razor blade on his right arm by his cell mate, Grier; (2) on October 11, 2007, he was struck in the face, threatened with a razor blade, and verbally threatened by his cell mate; and (3)

---

[2]Jackson is intimately familiar with the litigation process, having filed forty-nine federal actions since 1997 in courts in the Second Circuit, twenty-four in the Northern District.  See U.S. Party/Case Index (visited Dec. 20, 2008) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>; see also Jackson v. Fischer, No. 07-CV-631 (DNH/RFT), 2008 WL 4283357, at *2-3 (N.D.N.Y. Sept. 16, 2008) (detailing Jackson's extensive litigation history in the federal courts).  Jackson's lawsuits all appear to relate to his incarceration in DOCS facilities

[3]As noted, Jackson did not oppose defendants' motion.  Dismissal "should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Contrary to normal practice in such cases, defendants' moving papers did not so advise Jackson.  See Docket No. 14.  "The fact that there has been no response to a . . . motion does not. . . mean that the motion is to be granted automatically."  Champion, 76 F.3d at 436.  Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law.  Id.

on November 12, 2007, he was physically assaulted by his cell mate, Morrison. Id. ¶¶ 1-4. Jackson requested assistance from two corrections officers, but his requests were ignored. Id. ¶ 3. Jackson filed a grievance on September 24, 2007 seeking a single cell, but this grievance was denied. Id. ¶¶ 17, 19.

## II. Discussion

Defendants seek dismissal of the complaint on the grounds that (A) DOCS is protected from liability by the Eleventh Amendment, (B) the complaint fails to allege the personal involvement of defendant Fischer, and (C) Jackson is barred from proceeding IFP.

### A. Rule 12 (b)(6)

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have

reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

### 1. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)).  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.  Halderman, 465 U.S. at 100.  Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states.  See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

"Agencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest."  Santiago v. New York State Dep't of Corr. Servs., 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citing Halderman, 465 U.S. at 100).  Thus, Jackson's claims against DOCS are barred by application of the Eleventh Amendment.  Additionally,

4

"this court has held that DOCS is not a 'person' under § 1983 [and c]onsequently, because defendant DOCS is immune from suit under the Eleventh Amendment[,] defendants' motion to dismiss plaintiff's claims against DOCS must be granted." Boddie v. New York State Dep't of Corr. Serv., No. 96-CV-3291 (HB),1997 WL 482036, at *1 (S.D.N.Y. Aug. 20, 1997) (internal citations omitted).

### 2.  Personal Involvement

Defendants contend that Jackson has failed to establish Fischer's personal involvement.  "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority.  Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Jackson claims that Fischer "is responsible for the deliberate indifference by his subordinates . . . ." Compl. ¶ 6.  However, an individual defendant cannot be held liable

5

solely because he or she held a supervisory position over other defendants. Jackson does not specifically contend that Fischer was directly involved or had knowledge of the alleged constitutional violations. However, even when reading the complaint in the light most favorable to Jackson, any conclusory allegations of direct involvement and knowledge would still lack any factual basis. Additionally, Jackson fails even to assert a conclusory allegation, that there was any negligent supervision by any defendant, the creation of a hiring or retention policy which allowed constitutional violations to continue, or gross negligence in managing subordinates.

Accordingly, defendants' motion on this ground should be granted.

## B.   28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), prisoners are barred from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim.[4] Frivolous claims "lack[] an arguable basis either in law or in fact." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Malicious claims are filed with the intent to hurt or harm another. Id. (citations omitted). The failure to state a claim applies a parallel definition from Fed. R. Civ. P. 12(b)(6), but "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]." Neitzke, 490 U.S. at 326; see also Tafari, 473 F.3d at 442 (citations omitted).

---

[4] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

6

This "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (applying imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'") In deciding whether application of the exception is warranted, "a court must examine the available pleadings, construed in the light most favorable to the [prisoner] . . . ." Gamble v. Maynard, No. 06-CV-1543 (DNH/DEP), 2008 WL 150364, at *4 (N.D.N.Y. Jan. 14, 2008) (citations omitted). "This exception requires a showing that the prisoner was under such imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm." Id. (citations omitted). This harm must also be real, serious, and not "merely speculative or hypothetical." Id. (citations omitted).

Here, of the twenty-four cases Jackson has filed in the Northern District, at least three have been dismissed as frivolous or for failing to state a claim. See Jackson v. Goord, No. 06-CV-658 (N.D.N.Y. Mar. 4, 2007); Jackson v. Mukasey, No. 06-CV-1284 (N.D.N.Y. Nov. 14, 2006); Jackson v. Goord, No. 05-CV-682 (N.D.N.Y. Oct. 2, 2006). Moreover, earlier this year, Jackson's IFP status was revoked by a court in this district under § 1915(g). See Jackson v. Fischer, 2008 WL 4283357, at *1. Thus, Jackson has previously had at least three cases dismissed as frivolous or failing to state a claim. Id.

Jackson has failed to plead facts sufficient to place him within the imminent danger exception provided by 28 U.S.C. §1915(g), which is applicable "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical

7

injury.'" Lewis, 279 F.3d at 531.  However, even if Jackson had contended that such danger once existed, it is of no consequence as he has since been transferred to a different facility and no longer faces the jeopardy alleged in the complaint.  See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) (holding that the imminent danger exception is inapplicable if it does not "involve [the] present incarceration.").  See Docket Nos. 6, 18 (notices from Jackson advising of transfers to facilities other than Upstate).  Thus, the exception does not apply.

Additionally, dismissal is not precluded by the fact that Jackson has already been granted IFP status in this action.  Docket Nos. 2, 9.  When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g).  See McFadden, 16 F. Supp. 2d at 247.

Therefore, in the alternative, it is recommended that (1) the order granting IFP status to Jackson (Docket No. 9) be vacated, and (2) Jackson's complaint be conditionally dismissed unless he pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 14) be **GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 6, 2009
      Albany, New York

*David R. Homer*
United States Magistrate Judge